**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JOSE FERNANDO CARDENAS-LIRA** | § | |
| | § | |
| **V.** | § | **A-20-CV-938-RP** |
| | § | |
| **F.A. DAVID COLE** | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

Before the court is Movant Jose Fernando Cardenas-Lira's Motion to Reverse Conviction and Sentence Pursuant to 28 U.S.C. § 2241 (Dkt. No. 1).  The undersigned magistrate judge submits this Report and Recommendation pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

## I. ANALYSIS

On May 18, 2015, Petitioner Jose Fernando Cardenas-Lira pled guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and on August 21, 2015, the District Court in the Corpus Christi Division of the Southern District of Texas sentenced Cardenas-Lira to 84 months imprisonment and 10 years supervised release. *See* 2-15-cr-128. On February 22, 2018, Cardenas-Lira filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which the District Court in the Corpus Christi Division of the Southern District of Texas denied as time-barred on September 6, 2018.  *See* 2-15-cr-128, Dkt. No. 89.  On June 23, 2019, the Fifth Circuit denied Cardenas-Lira's petition for writ of mandamus related to the District Court's denial of his § 2255

motion.  *See In re: Jose Fernando Cardenas-Lira*, No. 18-41109.  Cardenas-Lira is presently incarcerated in the Reeves County Detention Center in Pecos, Texas.

On September 10, 2020, Cardenas-Lira filed the instant Petition for Writ of Habeas Corpus, pursuant to § 2241.  However, because Cardenas-Lira's Petition challenges alleged errors that occurred at or prior to his sentencing, his claims are outside the scope of a § 2241 petition.  "A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  A § 2241 petition attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated.  A § 2255 motion, by contrast, "provides the primary means of collateral attack on a federal sentence." *Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).  Relief under § 2255 is warranted for errors cognizable on collateral review that "occurred at or prior to sentencing," and must be filed in the sentencing court. *Id.* at 1113.  The Fifth Circuit has observed that "[a] petition for a writ of habeas corpus pursuant to [section] 2241 is not a substitute for a motion under [section] 2255." *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).  Thus, a § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Pack*, 218 F.3d at 452.  Accordingly, the Court construes Cardenas-Lira's § 2241 Petition as a § 2255 Motion.

A § 2255 motion must be filed in the sentencing court.  *See* 28 U.S.C. § 2255 ("An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, *to the court which sentenced him*, or that such court has denied him

relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." (emphasis added)).  Because Cardenas-Lira was convicted in the Corpus Christi Division of the District Court in the Southern District of Texas, the undersigned recommends Cardenas-Lira's Motion be dismissed without prejudice for lack of jurisdiction.  If Cardenas-Lira desires, he may file a § 2255 petition in the Southern District of Texas, where he was convicted.[1]

## II.  RECOMMENDATION

The Magistrate Court **RECOMMENDS** that the District Court **DISMISS** Jose Fernando Cardenas-Lira's Motion to Vacate, Set Aside, or Correct Illegal Sentence under 28 U.S.C. § 2255 without prejudice for lack of jurisdiction.

## III.  WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

---

[1] As noted, Cardenas-Lira previously filed a 2255 Motion in the Southern District of Texas, which the District Court denied.  *See* 2-15-cr-128, Dkt. No. 89.  Thus, to submit a second § 2255 motion he will have to seek and obtain the permission of the Fifth Circuit Court of Appeals.

district court.  *See* 28 U.S.C. § 636(b)(1)(c);  *Thomas v. Arn*, 474 U.S. 140 (1985);  *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SIGNED this 9th day of December, 2020.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE